PHILIP MORRIS INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 92–11–00779

(Decided October 31, 1995)

*Arnold & Porter (Michael T. Shor* and *Frederick W. Guinee)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, Commercial Litigation Branch, Civil Division, United States Department of Justice *(John J. Mahon)* for defendant.

## OPINION

POGUE, *Judge:* Invoking this Court's jurisdiction under 28 U.S.C. § 1581(a)(1988), plaintiff challenges Customs' classification of certain 1991 tobacco entries. Thus, the issue before this Court is how these entries should be classified. Customs classified the entries as "Tobacco, partly or wholly stemmed/stripped: Threshed or similarly processed: Other," under subheading 2401.20.80 of the Harmonized Tariff Schedule of the United States (HTSUS), USITC Pub. 2333, sec. IV, ch. 24, at 24–5 (1991) [hereinafter "HTSUS"]. Plaintiff claims the appropriate HTSUS subheading is 2401.30.90, "Tobacco refuse: Other [than tobacco stems]." *Id.* at 24–2. Alternatively, plaintiff claims classification under subheading 2401.10.40, "Tobacco, not stemmed/stripped: Not containing wrapper tobacco, or not containing over 35 percent wrapper tobacco: Cigarette leaf: Oriental or Turkish type not over 21.6 cm in length."

Pursuant to USCIT Rule 56, both the plaintiff and the defendant have moved for summary judgment in this matter. The parties have agreed that certain material facts are not in dispute.

## UNDISPUTED FACTS

The merchandise which is the subject of this action is oriental leaf tobacco fragments, as well as other floor sweepings and other residue.

After it is picked and dried, oriental leaf tobacco is transported in bales to a processing facility where it is manipulated so as to separate the "pads" of leaves which have dried together. Tobacco fragments drop out of the machines involved in the manipulation process. These fragments, as well as other floor sweepings and other residue, are the merchandise involved here. The merchandise consists of tobacco fragments which are all smaller than ½ inch (1.3 cm) in diameter, and a small amount of dirt, which are a by-product of the manipulation of oriental leaf tobacco. Oriental leaf, characterized by a small leaf with no thick mid-rib, does not require stemming prior to use and is not subjected to stemming/ stripping of any kind. Similarly, the tobacco involved here is not subjected to a "threshing" process whereby the tobacco leaf is beaten to separate the leaf from the stem.

## DISCUSSION

Customs' classification of the merchandise at issue is presumed to be correct pursuant to 28 U.S.C. § 2639(a)(1)(1988). Accordingly, the plaintiff bears the burden of establishing that Customs' classification is incorrect.

Plaintiff meets its burden by establishing that the tobacco which is involved in this case is not stemmed/stripped. It is also not threshed.

The defendant argues that even though the tobacco is not stemmed/stripped, from all appearances it is similar to tobacco which has been stemmed/stripped. The defendant also argues that the manipulation process is sufficiently similar to threshing to support defendant's classification. This argument would have merit if plaintiff's proposed classifications were not available. However, that is not the case. The subheading chosen by the defendant requires that the merchandise be either "partly" or "wholly" stemmed or stripped. The merchandise at issue is not stemmed or stripped, and there is a heading available which specifically applies to tobacco which is not stemmed or stripped. Thus, under Rules 1 and 2(b) of the General Rules of Interpretation[1] heading 2401.10 is preferred to heading 2401.20 for this merchandise because heading 2401.10 makes specific reference to the tobacco at issue in this matter.

Our inquiry does not end here, however, because the merchandise at issue contains both tobacco fragments and dirt or other residue. Therefore, it may be classifiable under two or more headings, i.e., it may be classifiable as 2401.10 or 2401.30, tobacco refuse. Rule 3(b) of the General Rules of Interpretation provides that in such a situation classification shall be based on the material or component which gives the merchandise its "essential character." HTSUS, Gen. R. Interpretation 3(b), at 31. Thus we must determine whether the merchandise at issue here is essentially tobacco or essentially waste resulting from the manipulation of tobacco leaves. The undisputed facts agreed to by the parties establish both that the merchandise is "scrap tobacco" and that it "consists of tobacco fragments * * * and a small amount of dirt."

Moreover, the parties stipulated that plaintiff's first alternative subheading 2401.30.90 "Tobacco refuse: Other" with duty at the rate of 35.5¢ kg is the correct classification between the two proposed by the plaintiff.

Accordingly, this Court will grant summary judgment for the plaintiff and order that judgment be entered and classification made in accordance with this opinion. Defendant's motion for summary judgment is denied.

---

[1] General Rule of Interpretation 1 provides in relevant part: "Classification shall be determined according to the terms of the headings * * *." HTSUS, Gen. R. Interpretation 1, at 31.

General Rule of Interpretation 2(b) provides in relevant part: "Any reference in a heading to a material or substance shall be taken to include a reference to mixtures or combinations of that material or substance with other materials or substances. Any reference to goods of a given material or substance shall be taken to include a reference to goods consisting wholly or partly of such material or substance. The classification of goods consisting of more than one material or substance shall be according to the principles of rule 3." HTSUS, Gen. R. Interpretation 2(b), at 31.